[No. 1,043.]

S. BUCKLEY, APPELLANT, *v.* ARMINA BUCKLEY, ADMINISTRATRIX OF THE ESTATE OF HENRY A. BUCKLEY, DECEASED, RESPONDENT.

MARRIAGE OF ADMINISTRATRIX OF AN ESTATE—EFFECT OF.—Defendant, prior to the trial, married J. V. Peers: *Held*, that this marriage extinguished her authority as administratrix of the estate, but did not deprive her of the right to retain possession of the property of the estate until the appointment of her successor; or until otherwise ordered by the court.

IDEM—POSSESSION OF PERSONAL PROPERTY—PRESUMPTION.—At the time this action was commenced, defendant, as administratrix, had the right of possession to a band of sheep: *Held*, that her possession having been lawful while her authority as administratrix continued, the presumption is, nothing to the contrary appearing, that it continued lawful after her marriage, especially against a wrong-doer:

PARTIES TO SUIT—HUSBAND OF ADMINISTRATRIX—UNPREJUDICIAL ERROR. *Held*, that even if the court technically erred in refusing to make the husband of the administratrix a party defendant, it was an error that did not prejudice the rights of the plaintiff.

BOOKS OF ACCOUNT—WHEN ADMISSIBLE IN EVIDENCE.—A memorandum book kept by the deceased, which was shown to be principally in his

handwriting, and the entries made about the time when the transactions occurred, and the book one by which the deceased settled with parties with whom he had business: *Held*, admissible in evidence.

APPEAL from the District Court of the Second Judicial District, Washoe County.

Upon the part of the defendant, among other things, a certain memorandum book was offered in evidence; defendant, who was the only witness as to the time when entries were made, gave testimony tending to show that the entries were made by Henry A. Buckley and witness, and principally in deceased Henry A. Buckley's life-time, and all of them at about the time the respective transactions occurred; that it was the book by which deceased settled with other persons with whom he had business; that witness knows the book and that it is Henry's book of accounts, in which he kept his dealings with other persons in his handwriting and in defendant's; that he was in the habit of making his entries generally when the transactions which they alluded to occurred; that defendant knows when entries were made in relation to the number of sheep received from plaintiff and as to number of sheep returned to him, and that defendant was present at the time such entries were made by Henry A. Buckley, and saw him make them; that entry dated November 12, 1870, was in Henry's handwriting, but defendant could not be sure she was present when this entry was made.

*Lewis & Deal*, for Appellant:

I. The marriage of defendant operated as a revocation of her authority.  (1 Comp. L., sec. 536; 14 Mass. 295; 36 N. Y. 622.)

II. The court should have allowed the plaintiff to make defendant's husband a party.  (5 Paige, 34.)

III. It was error to admit in evidence the memorandum book of Henry A. Buckley.  (1 Greenl. Ev., sec. 119, n.; 4 Watts, 258; 9 Conn. 344, 348; 4 Yates, 341; 2 Bay, 173; 2 McCord, 328; 4 Id. 76.)

IV. The action is brought against Armina Buckley in-

dividually, and not in her capacity as administratrix. If the suit was intended to be against her in her official character, the action should have been against her, as administratrix. (6 N. Y. 168, 172; 2 Barb. 368; 22 How. 372; 6 Hill, 240; 4 Id. 136; 5 Wend. 36; 1 Wait's Pr. 470.)

*William Cain,* for Respondent:

I. It is immaterial whether this is an action against Armina Buckley personally or as administratrix. In neither case ought her husband be joined with her. If against her personally as a defendant, the action did not abate by her marriage. (2 Eq. Abr., sec. 4; *Doe* v. *Butcher,* 3 Man. & S. 557; *Cooper* v. *Munchin,* 4 East, 521; *Quackenbush* v. *Leonard,* 10 Paige, 133; *Heller* v. *Rosselle,* 6 Hun, 631; *Rowe* v. *Smith,* 45 N. Y. 230; *Baum* v. *Mullen,* 47 Id. 577; *Alderson* v. *Bell,* 9 Cal. 321; *Wilson* v. *Wilson,* 36 Id. 447; Civil Pr. Act, secs. 7, 8.)

II. If sued as administratrix, her husband was not a proper party defendant, not being entitled to administer upon the estate in case of her disability. (1 Comp. L. 532.)

III. And she would be entitled to be treated for purposes of settlement and remedies as administratrix in office, notwithstanding her marriage. (*Rogers* v. *Hoberlein,* 11 Cal. 129.)

IV. She was sued as administratrix, the word "as" being omitted did not of itself make it an action against her personally. (Abbott's Trial Evidence, 55; *Merritt* v. *Seaman,* 6 N. Y. 168; *Smith* v. *Levinus,* 8 Id. 474; *Chouteau* v. *Suydam,* 21 Id. 183; 1 Estee's Pl. 239; *Buckley* v. *Buckley,* 9 Nev. 373.)

By the Court, LEONARD, C. J.:

This is the third appeal of this case. (12 Nev. 426; 9 Id. 373.) Prior to the last trial in the court below, the defendant married J. V. Peers, whose wife she was at the time of the trial. Before the jury was impaneled plaintiff moved the court for leave to file a supplemental complaint, alleging such marriage in August, 1876. The last trial was

in April, 1880.   Defendant recovered verdict and judgment, awarding to her a return of two thousand and fifty sheep, or, in case a return could not be had, their value, fixed at three dollars per head, together with legal interest as damages, from November 5, 1873, the date of their seizure by plaintiff.   Defendant testified that she married Peers in August, 1876; whereupon plaintiff again moved for leave to make him party defendant.   The motion was denied, and plaintiff moved to strike out all the testimony given for defendant, upon the ground that it was irrelevant and immaterial, and did not tend to show any right in the defendant to a return of the property, she having married since the bringing of this suit.   That motion was also denied.

The court instructed the jury as follows: "As it is admitted that the plaintiff leased the sheep in question to Henry A. Buckley, now, so far as the defendant claims that the said Henry A. Buckley afterwards obtained title to a part or the whole of the said sheep, by means of an exchange or trade of sheep, the burden of proof is on the defendant, and before you can legally find in her favor as to the acquiring of title by such exchange or trade, that fact must be established by a preponderance of the evidence admitted in the case for your consideration; and unless such exchange or trade is established by a preponderance of evidence in the case, you must find for plaintiff as to such sheep so claimed by defendant to have been so acquired by Henry A. Buckley."

Upon that instruction the jury found as above stated; and there is ample testimony to support the finding that, the title became vested in Henry A. Buckley, and, consequently that plaintiff had no right to the possession of the property, whether the defendant after her marriage had such right or not.   Defendant's marriage undoubtedly extinguished her authority as administratrix; but it by no means follows from that fact that, she had not the right to retain possession of the property of the estate until the appointment of her successor, or until otherwise ordered by the court.   One of her most important duties was to account for all the property

of the estate which had come into her possession; and for a failure so to do she is liable. From the verdict of the jury the plaintiff had no more right to the possession of this property than any other stranger. His taking and detention were wrongful, although he observed the forms of law in so doing.

At the time this action was commenced, the defendant had the right of possession, by reason of her duty as administratrix to take control of the property of the estate; and at the time of trial, so far as the record shows, she was still entitled to its possession, because of her responsibility to the estate. Her possession having been lawful while her authority as administratrix continued, nothing to the contrary appearing, the presumption is that it was lawful after her marriage, especially as against a wrong-doer. (Wells on Replevin, 69, 71.) Having no rights in the property, plaintiff's duty was to return it to defendant's rightful possession, to be accounted for by her as required by law. This much is true upon the supposition that she had merely a special property in the sheep, by reason of her former official capacity, and her liability to the estate, in case of failure to account for them according to law, while, if she had a general property in them, because of her relation to Henry A. Buckley, that was another reason for awarding the right of possession to her. Besides, if the court erred, technically, in denying the motion to make Peers a party defendant, a question we shall not consider, it was an error that in no sense prejudiced the rights of plaintiff. If he had been made a party, the result, as to him, must have been the same. The jury would still have said that he had no rights in the property in dispute.

We are of opinion, also, that the preliminary proof was sufficient to justify the court in admitting in evidence the several entries contained in Henry A. Buckley's memorandum book. (*Buckley* v. *Buckley*, 12 Nev. 442.)

Finding no error in the record, the judgment and order appealed from are affirmed.